UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (Eastern Division)

| | |
|---|---|
| **DIRECTV, Inc.** ) | Case No.: 03cv12259PBS |
| ) | |
| Plaintiff, ) | **ORDER OF** |
| ) | **DEFAULT JUDGMENT** |
| vs. ) | |
| ) | |
| **John Sicard** ) | |
| ) | |
| Defendant, ) | |
| ) | |

The Court, having considered the Plaintiff's Motion for Default Judgment and the accompanying documentation filed with said motion, finds that the Plaintiff is entitled to a Default Judgment as follows:

1. $ _10,000_ in baseline statutory damages pursuant to Title 47 U.S.C. § 605  (e)(3)(C)(i)(II) or Title18 U.S.C. § 2520(c)(2)(B)

2. Costs $ _187.70_ pursuant to Title 18 U.S.C. § 2520(b)(3) and /or Title 47 U.S.C. § 605(e)(3)(B)(iii);

3. The issuance of a permanent injunction pursuant to 47 U.S.C. § 605(e)(3)(B)(i) or 18 U.S.C. § 2520(b)(1). utilizing the following language or language of a similar nature:

   "The Court hereby enjoins the Defendant, the Defendant's respective agents, servants, employees, and any person or entity controlled directly or indirectly by the Defendant or acting on the Defendant's behalf from the further modification and/or use of electronic equipment designed for the unauthorized interception of signal in violation of provisions of Title 47; and,

4. Post-Judgment interest running on the judgment pursuant to 26 U.S.C. § 1961.

5. Attorney's fees of $ _850.00_ pursuant to Title 18 U.S.C. § 2520(b)(3) and /or

Title 47 U.S.C. § 605(e)(3)(B)(iii).

**SO ORDERED.**

Dated: 8/2/04        /s/ Patti B Saris
                     United States District Court Judge